[No. 5982.]

Purdy v. Geary et al.

**Appeals — Abstract —** Where the abstract fails to set forth enough of the record to disclose the nature of the controversy, or the proceedings or judgment in the court below, the writ of error will be dismissed.

*Error to Denver District Court*—Hon. John I. Mullins, Judge.

Mr. Elmer Rogers, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice White delivered the opinion of the court:

By rule 14 of this court it is provided, among other things, that an appellant or plaintiff in error

shall prepare and file a printed abstract of the record, which must contain a brief statement of the contents of each pleading and set forth fully the points relied upon for the reversal of the judgment, and if in this respect the abstract is defective, the appeal or writ of error may be dismissed.

The errors assigned are that the court erred: (1) in sustaining the demurrer to the complaint; (2) in dismissing the plaintiff's suit; (3) in not over-ruling defendants' demurrer; (4) and, in entering judgment against plaintiff in error for costs of suit.

The abstract does not set forth the complaint or its substance; nor does it disclose the demurrer or its substance, neither does it show the judgment which plaintiff in error seeks to have reversed. In fact, it is nothing more than an index to the transcript.

What the controversy is, the nature thereof, or why it is here is in no wise disclosed by the abstract. That instrument is so fatally defective that it cannot properly be called an abstract.

In *Brennan Mercantile Company v. Vickers*, 31 Colo. 324, this court said:

"In speaking of a similar defect, our court of appeals in *Denver Machinery Co. v. Publishing Co.*, 4 Col. App. 146, said in substance that where the court is unable to determine from an inspection of the abstract whether any error was committed by the trial court, the practice does not require it to look elsewhere for the information."

And in *Thompson v. DeWeese-Dye Ditch & Reservoir Company*, 25 Colo. 243, 248, it is said:

"Under the rules of this court, we are not obliged to search through the record to find that which it is clearly the duty of counsel to point out and print in his abstract."

And in *Otto & Schleter v. Hill,* 11 Col. App. 431, 432, that court in speaking of insufficient abstracts, said:

"Our rule was not adopted for purposes of amusement, and counsel or parties who see fit to disregard it must accept the consequences."—*Weiland v. Potter,* 6 Col. App. 451; *Gottlieb v. Frost,* 6 Col. App. 452; *The Ph. Zang Brewing Co. v. Howlett,* 6 Col. App. 558.

The same court in *Carlin v. Freeman,* 19 Col. App. 334, 340, used the following language:

"The condition of the docket of this court compels us to insist upon compliance with the rules of court, relating to abstracts of record, which rules are designed to facilitate the dispatch of business. If counsel ignore these rules, they must abide the consequences."

Under some circumstances and when there has been an apparent effort to comply with the rule under consideration, doubtless this court would look to the transcript for the necessary information lacking in the abstract, or require a supplemental abstract filed—*Brennan Mercantile Company v. Vickers, supra*—but the abstract in this case is so radically deficient that this court, consistent with good practice, must enforce the rule and make the only order appropriate in the premises, dismissal of the writ of error, which is accordingly done.

*Writ dismissed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.