No. 15,810.

SHOTKIN ET AL. *v.* KAPLAN ET AL.
(180 P. [2d] 1021)

Decided May 5, 1947.

Mr. I. L. Quiat, Mr. J. F. Seeman, for movants.

Mr. E. V. Holland, for parties opposing the motion.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

On motion of defendants in error to strike the abstract of record, and for dismissal of the writ of error, for that, as said, the abstract "is a confused, garbled, * * * and * * * distorted document, and fails to comply with any of the rules concerning preparation of abstracts."

The record is voluminous, consisting of some five hundred pages, or more than fourteen hundred folios, and examination thereof, not sparingly indulged, convinces us that the abstract is vulnerable to the criticisms advanced by counsel for defendants in error, and should be stricken. *Purdy v. Geary,* 45 Colo. 129, 100 Pac. 426. The foregoing authority respected, dismissal of the writ of error would be justified; but since one of the plaintiffs in error, not a member of the bar, prepared the abstract of record which is being stricken, and proceeding out of an abundance of fairness to a layman, and only on conditions presently to be stated, we withhold the order of dismissal for the time being.

Plaintiff in error, Bernard M. Shotkin, although educated for the bar, is not a member thereof in this jurisdiction or elsewhere. He appears here for himself and the other plaintiff in error, who is his wife, but when the hazards involved in the motion we are considering awakened him to the perils involved, he retained counsel

to represent himself and wife in opposition thereto. There is nothing to indicate that plaintiffs in error have employed counsel otherwise or for the further presentation of this writ of error. On condition, therefore, that hereafter to the conclusion of this litigation, and only so, they do employ counsel, thirty days will be allowed them for the purpose of preparing and printing a proper abstract; otherwise, the writ of error will be dismissed. In the event a new abstract conforming to the requirements shall be filed, then the usual time provided by rule for the filing of briefs shall attend.

■ Some further observations are in order, based whereon additional orders are justified. Bernard M. Shotkin is a business man, active, and seemingly successful. Moreover, there is every evidence that he is possessed of ample means with which to indulge his desire for litigation. It appears that he goes in for it "wholesale." He has a multitude of cases pending in the district court of Denver, some half dozen in the Denver county court, several here, some in the United States District Court for Colorado, as well as in the United States Circuit Court of Appeals for the Tenth Circuit, and, until recently, a case in the Supreme Court of the United States, which originated in Denver. For the most part, he has appeared pro se. Some of the cases grew out of previous ones in which he has been unsuccessful, and in which frequently he includes as parties defendant, lawyers who have opposed him in his fruitless attempt in earlier litigation, and sometimes those judges who have found it compatible with their judgment to rule adversely to him. In short, Shotkin, proceeding largely sans lawyers, and otherwise more or less irregularly, interferes with the functioning of all the courts within the jurisdiction of Colorado, including ours, and materially impedes judicial progress. Much of our time in the last several months has been taken up with the consideration of features of writs of error obtained by him, which, for the most part, have no

semblance of merit. We are a busy judicial tribunal, constantly engaged in examining, determining and adjudging causes presented for our consideration by writs of error prosecuted by counsel qualified, as well as disposed, to proceed in ample and understandable form. Shotkin has much of the learning of lawyers, but does not consider himself formally bound, as they are, to observe rules calculated to promote orderly and just administration of justice, and which he violates at pleasure. Were he a member of the bar, our disciplinary authority would enable us, proceeding thereunder, to meet the situation otherwise. It follows, that, only by the requirement that he employ counsel, may we return to the normal consideration of duties to which the people have called us; and this applies to trial courts as well. What Shotkin does out of court is not of our immediate concern, but in the interest of discharging our never ending judicial duties, we are justified in withholding from him the right to appear in advocacy of his own writs of error. For like reason and purpose, and to the same extent, trial courts in Colorado should be authorized to act. Also, in furtherance of our over-all purpose, it is necessary that in all cases pending here, or at nisi, where Shotkin appears as plaintiff in error, or plaintiff, he should promptly retain counsel, failing which, motions to dismiss such writs and cases will be entertained and determined in the light of this opinion. There is not involved here the right of a party to represent himself when made defendant or defendant in error.

■ In effectuation of the foregoing, let it be ordered: (1) That the motion to strike the abstract of record be granted; (2) that, conditioned as we have set forth, the motion to dismiss the writ of error be withheld; (3) that, proceeding by counsel, as we have emphasized, and not otherwise, and within thirty days from the time of this announcement, a proper abstract of record may be filed, with right of both parties thereafter to proceed in accordance with pertinent rules concerning the filing of

briefs; (4) that thenceforth Shotkin, appearing other than by counsel, shall desist from instituting actions in Colorado state trial courts, and from prosecuting writs of error here; (5) that all cases pending at nisi prius, or here, in which Shotkin is plaintiff or plaintiff in error, and appears pro se, and in which he does not proceed reasonably to employ counsel to represent him, shall be subject to dismissal.