No. 16,053.

SHOTKIN v. LINDSLEY ET AL.

(193 P. [2d] 880)

Decided May 10, 1948.   Rehearing denied May 24, 1948.

Mr. BERNARD M. SHOTKIN, pro se.

Mr. J. GLENN DONALDSON, Messrs. GRANT, SHAFROTH & TOLL, Mr. ROBERT F. WELBORN, for respondents.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

IN this matter, petitioner, defendant in an action in the district court, appearing there and here for himself, filed petition for prohibition against a judge of the Denver district court, and the Atchison, Topeka and Santa Fe Railway Company, plaintiff in the district court action, alleging that in said action the company is seeking to recover a "certain sum of money for shipment of goods delivered to him which should have been collected on delivery," etc. Petitioner further alleged that he filed an answer to the complaint in the action, also a cross

complaint. A further allegation was, that, plaintiff in said action, proceeding on the authority of *Shotkin v. Kaplan,* 116 Colo. 295, 180 P. (2d) 1021, moved to "dismiss the cross claim," for that, as said, "defendant in this case did not employ counsel," which was granted. In *Shotkin v. Kaplan, supra,* based upon the unusual facts there appearing, we announced that "thenceforth Shotkin, appearing other than by counsel, shall desist from instituting actions in Colorado state trial courts, and from prosecuting writs of error here." In the same opinion, however, we were careful to observe, "that there is not involved * * * the right of a party to represent himself when made defendant or defendant in error."

When the petition for prohibition was presented, we examined it in the light of all we had stated in *Shotkin v. Kaplan, supra.* We noted, of course, that petitioner had not been denied the right to defend against the action in the district court, the motion to dismiss, and the order thereon, having been limited to the cross complaint. Construing the language of the cited case strictly, we might well have denied the petition out-of-hand. But since we were dealing directly with a layman, and purposing to be fully advised, we concluded to enter an order requiring the district judge involved and the plaintiff in the action, to show cause, etc. In their separate answers, not denied in that particular, they alleged that in the cross complaint which was stricken, petitioner, defendant in the district court, did not present or plead it in his own behalf, but in behalf of others for whom he claimed to be trustee.

In the situation appearing, as we are convinced, petitioner was not competent to appear for others, and that would be true regardless of *Shotkin v. Kaplan, supra.* Besides, why should he try to involve those for whom he is trustee, minors, by the way, and his own children, as he alleges, in an action in which he himself, not his cestuis que trustent, is being sued. Our study of all that is before us, leads to the conclusion that in the

district court action, defendant, petitioner here, claims that plaintiff there has mistaken the identity of its alleged debtor, hence the action against him must fail. Simple denial of plaintiff's allegations in that particular, properly to appear in his answer, as we perceive, will present that issue for determination. Assuming there is an indebtedness, which, of course, must be shown by plaintiff in the action, the logical further question is, Does defendant owe it? It is not permissible, we think, for a defendant in such an action to plead that others, not he, owe the money, and predicated thereon, interpose a counterclaim in their behalf.

Proceeding in full light, and with understanding, as our study convinces, the distinguished trial judge properly dismissed the "cross claim" which defendant, sued individually, sought to interpose as trustee in behalf of minors, not otherwise parties to the action or interested therein.

Let the order to show cause be discharged.