## No. 16,679.

### SHOTKIN V. ATCHISON, TOPEKA & SANTA FE RAILROAD CO. ET AL.
(235 P. [2d] 990)

Decided August 14, 1951. Rehearing denied September 4, 1951.

Mr. BERNARD M. SHOTKIN, Pro se.

Messrs. GRANT, SHAFORTH & TOLL, Mr. CHARLES H. HAINES, JR., for the Railroad Company.

Mr. ANTHONY F. ZARLENGO, for William A. Black, Judge.

*En Banc.*

MR. CHIEF JUSTICE JACKSON delivered the opinion of the court.

BERNARD M. SHOTKIN, describing himself as "appellant and petitioner," comes here seeking relief, under Rule 113 (b), R.C.P. Colo., from an order of the trial court holding him in contempt, fining him $1,000, and sentencing him to sixty days in the county jail. The trial court, in answer to our rule to show cause, has filed reporter's transcript of the proceedings leading up to the judgment and sentence.

From an examination of this record it appears that petitioner, in a jury trial in which the railroad company was seeking judgment against petitioner defendant as an individual, sought to intervene under Rule 24 (a), R.C.P. Colo., as the "father and nearest friend" of his three minor children "for whom he is trading as 'Edison Power & Light Company,' and 'Power & Light Company,' and files their complaint against the plaintiff, the Atchison, Topeka and Santa Fe Railway Company."

At the time this petition in intervention was filed, April 24, 1951, the trial court indicated that Shotkin was in contempt because of having violated the rules laid down in our opinion in *Shotkin v. Lindsley,* 118 Colo. 223, 193 P. (2d) 880. That case was in turn based upon *Shotkin v. Kaplan,* 116 Colo. 295, 180 P. (2d) 1021. In the latter case we ordered, inter alia,

"(4). That thenceforth Shotkin, appearing other than by counsel, shall desist from instituting actions in Colorado state trial courts, and from prosecuting writs of error here; (5) that all cases pending at nisi prius, or here, in which Shotkin is plaintiff or plaintiff in error, and appears pro se, and in which he does not proceed

reasonably to employ counsel to represent him, shall be subject to dismissal."

The trial court thereupon entered certain orders respecting the matters in litigation which are not pertinent here, and indicated that the contempt portion of the case would be continued until the following morning at nine thirty a. m., and orally ordered Shotkin to appear at that time. Shotkin failed to appear the following morning as ordered, but had sent to the trial court a Western Union night letter, by personal delivery, dated April 25, 1951, 3:56 a. m., reading as follows:

"Will be unable to appear at Santa Fe hearing today 930 Wednesday as I am ill and I am obeying doctors orders to leave for lower altitude for at least 6 months respectfully.

"Bernard M. Shotkin      1110 17th St. Denver."

Shotkin having failed to appear, the court thereupon, on April 25, 1951, entered a bench order reciting the foregoing facts and proceeded to adjudge Shotkin in contempt as provided in Rule 107 (b), R.C.P. Colo. The finding was that there was contempt in the presence of the court because of his violation of our order in *Shotkin v. Lindsley, supra.* The trial court also found Shotkin guilty of contempt of court for failure to appear as ordered. Up to the time of filing this petition of intervention, Shotkin had been appearing pro se as defendant.

The concluding sentence of the petition in intervention, written in freehand following the typewritten portion, reads as follows: "That as he is unable to secure an attorney to represent himself or these minors he prays the court to appoint [a named lawyer] to represent these minors in this case, and set a nominal fee."

Petitioner appears to have neglected to file any specifications of points, as such, but argues that the trial court could not find him guilty of contempt for two reasons:

(1) Only this court which, as above shown, has laid down the foregoing restrictions on his court appearances had jurisdiction to hold him in contempt. In sup-

port of this contention he cites various cases, all of which relate to the situation where a trial court other than the one having jurisdiction of the case has attempted to hold one of the parties in contempt. Under such circumstances it has uniformly been held that only the court having jurisdiction of the case can hold one or more of the parties in contempt. *State ex rel. v. Thomas*, 128 Fla. 231, 174 So. 413; *Ex Parte Gonzalez*, 111 Tex. 399, 238 S.W. 635; *Dale v. State*, 198 Ind. 110, 150 N.E. 781, 49 A.L.R. 647. A case in which the author of the opinion discusses the situation here involved is *Roberts v. Montgomery*, 117 Ohio State 400, 159 N.E. 475, in which we find the following:

"However, it may be stated that each court of the state is an integral part of a single judicial system, and, in theory, and, generally speaking, in practice, no two integral parts of the system will at the same time exercise jurisdiction over the same persons and the same subject-matter; that, where the jurisdiction of the one begins, the jurisdiction of the other ends.

"In accordance with this theory, the former pronouncements of this court, and the general practice, we reach the conclusion that, regardless of whether the jurisdiction to remand is impliedly conferred upon this court by the Constitution or is conferred by statutory law, when this court remands a cause for execution it relinquishes its jurisdiction in that respect to the court of remand, and thus confusion of jurisdiction and duplication of effort is obviated; that, if its judgment or final order, with the execution of which the court of remand is charged, be such that a failure of compliance therewith amounts to contempt, the jurisdiction to entertain an application for an order upon the offending party to show cause why he should not be adjudged in contempt, and, upon the issuance of such order, to hear and determine the contempt proceedings, is in that court. The application for an order to show cause here will therefore be dismissed." We are of the opinion that the foregoing

quotation sets forth the distinction between the instant case and the cases upon which Shotkin relies. Accordingly, upon our remand of *Shotkin v. Lindsley, supra,* the trial court had jurisdiction in this contempt proceeding and the right to enforce the orders of this court.

(2) The second point relates also to the first contempt: that the trial court had no jurisdiction to punish for contempt because, "appellant was not present at the time he was so condemned and sentenced, and there was no proceeding by way of rule to show cause pending." Shotkin cites no Colorado case in support of this argument. It is to be noted that the trial court already had found him guilty of contempt on April 24, and it had indicated it would enter judgment fixing that penalty the following morning. It also should be noted that Shotkin, having left the jurisdiction of Colorado, makes this argument as one who has left the state with no further justification or supporting data than the telegram above set forth, although more than three months has intervened since he left this jurisdiction.

██ We are of the opinion that appellant's second point is not well taken. In *Lindsey v. People,* 66 Colo. 343, 181 Pac. 531, 16 A.L.R. 1250, and *Mainland v. People,* 111 Colo. 198, 139 P. (2d) 366, we held that direct criminal contempts are punishable summarily without affidavit, notice, rule to show cause, or other process. In 10 L.R.A. (N.S.), page 1103, appears an annotation on the proposition that, "Where the contempt is a direct one made in the presence of the court and the court proceeds at once to try the contemnor and sentence him, such sentence will be upheld, though made after the contemnor has left the presence of the court." See, *Ex Parte Terry,* 128 U.S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405, and *Middlebrook v. State,* 43 Conn. 257, 21 Am. Rep. 650. In the latter case the contemnor, after having committed the contempt, left the court room and absconded from the jurisdiction before any action was taken.

As to the second contempt, i. e., the absenting himself

from court in violation of the court's order, Shotkin makes no argument and no further justification, other than his telegram of April 25, 1951, above set forth.

We accordingly hold that the trial court was justified in finding Shotkin guilty of contempt on both grounds stated in the court's findings and judgment.

■ There remains the question as to whether the sentence was excessive. As has been noted, the purpose of the power of a court to punish for contempt is to secure judicial authority from obstruction in the performance of its duty. *Cartwright's Case*, 114 Mass. 230. In the instant case the trial court could have denied the right of Shotkin to intervene in the manner in which he proposed, or, under our previous rulings, could have refused to allow the petition in intervention to be filed and thus have avoided any obstruction of justice. This method has been pursued in this Court in other cases where Shotkin has filed unwarranted pleadings or petitions. We are not unmindful of the irritation caused by his persistent actions, but on the other hand we do not feel that his wrongful filing of the petition in intervention is in a class with the cases where the contemnor, by reason of perjury (*Handler v. Gordon,* 111 Colo. 234, 140 P. [2d] 622) or withholding of records (*Eykelboom v. People,* 71 Colo. 318, 206 Pac. 388), has been sentenced to several months in jail.

■ As is said in 17 C.J.S., page 140, section 98, "In determining the amount of punishment to be imposed, the court will take into consideration surrounding facts and circumstances, and will act with great care and deliberation, in order that no injustice may be done. The punishment imposed * * * should be reasonable, or reasonably commensurate with the gravity of the offense, * * * The punishment must not be cruel or unusual, and it must not be excessive, * * *." We are of the opinion that the punishment ordered by the trial court was excessive, and to that extent it abused its discretion. We therefore continue the rule to show cause, and re-

mand the case to the trial court in order that when, as and if, Shotkin submits himself to its jurisdiction there may be an assessment of a reasonable penalty.

MR. JUSTICE HOLLAND not participating.