640 P.2d 1128 (1982)
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF WELD, Colorado, Poudre Valley Rural Electric Association, Inc., a Colorado Corporation and National Farmers Union Property and Casualty Company, Petitioners,
v.
H. Gordon HOWARD, Respondent.
No. 81SA261.
Supreme Court of Colorado.
January 25, 1982.
Thomas O. David, Greeley, for Weld County.
Cross, Christensen, Price & Starr, Randolph W. Starr, Loveland, for Poudre Valley Rural Elec. Ass'n., Inc.
Warberg & Mast, P. C., D. Chet Mast, Fort Collins, for Nat. Farmers Union Property and Cas. Co.
H. Gordon Howard, pro se.
HODGES, Chief Justice.
In this original proceeding, the Board of County Commissioners of Weld County and Poudre Valley Rural Electric Association petitioned this court to enjoin respondent, H. Gordon Howard, a disbarred attorney, from appearing pro se or in propria persona before any state court or administrative agency. The petition stated that respondent has filed a multiplicity of cases of a duplicative nature causing the judicial process to be needlessly impeded. We issued a rule to show cause why the injunction should not be granted.
The response by respondent Howard fails to show cause why he should not be enjoined from further pursuing any case in any state court or administrative agency without being represented by legal counsel duly licensed to practice law in the State of Colorado. The response filed by Howard also demonstrates a lack of understanding of the issue involved and emotionally describes the petition as being:
"... false, fraudulent, vexatious, frivilous [sic] and a fake and a sham upon its face, as well as being criminalistic in scope, and totally meritless under the facts and the law, as well as being scurrlious, [sic] and scandalous, and filed solely to deprive Howard of his civil Constitutional, and statutory Federal Rights, such as are guaranteed by the Fourteenth *1129 Amendment to the U. S. Constitution as a right of citizenship to the said Howard."
There exists ample justification for an injunction, and therefore it is granted, thus making the rule absolute.
Respondent Howard was admitted to the bar of this state in September 1938. On August 21, 1961 he was disbarred by this court. People v. Howard, 147 Colo. 501, 364 P.2d 380 (1961).
Subsequent to his disbarment, respondent Howard filed a total of nineteen cases between 1965 and March 1977, acting as trustee of the "Howard Land Trust" and appearing in propria persona in his capacity as trustee. On October 23, 1977, this court adopted the report, findings, and recommendations of the Unauthorized Practice of Law Committee and enjoined respondent Howard "from appearing before any court or administrative agency of the State of Colorado, in propria persona as trustee for the Howard Land Trust or any similar such trust...."
Since the 1977 order of this court, respondent Howard, appearing pro se, has initiated no fewer than fourteen actions, in state and federal courts, and before state administrative agencies. Included are two actions in the United States District Court for alleged damages resulting from a zoning resolution adopted by Weld County; three actions (2 in the United States District Court, 1 in state court) seeking damages for an allegedly illegal arrest of respondent Howard in May 1978 on charges of felony menacing; seven actions (3 in the United States District Court, 2 in state court, and 2 before state administrative agencies) challenging a Weld County zoning resolution and the Rural Electric Association's refusal to provide certain service; one action in the United States District Court seeking damages and an injunction stemming from a determination by the Weld County Health Board that respondent Howard's septic system was not properly functioning; and one action in state court seeking to collect money allegedly due to respondent Howard on a loan contract. In those cases in which respondent Howard alleges damages, he seeks them in sums of millions of dollars. Of the fourteen actions mentioned, six are now pending, six have been dismissed prior to trial, and two were determined on the merits in a manner adverse to respondent Howard's position.
The Constitution of the State of Colorado guarantees to every person the right of access to courts of justice. Colo.Const., Art. II, section 6. This right, however, is not without limits. It is firmly established that where necessary to stop abuse of the judicial process this court has the power to enjoin a person from proceeding pro se in any litigation in state courts and administrative agencies. People v. Dunlap, Colo., 623 P.2d 408 (1981); People v. Spencer, 185 Colo. 377, 524 P.2d 1084 (1974); Shotkin v. Kaplan, 116 Colo. 295, 180 P.2d 1021 (1947). In Dunlap, it was emphasized that:
"Every person has an undisputed right of access to the Colorado courts of justice... but this right may not be abused. The right of self representation in civil suits must in a proper case yield to the principle that `right and justice should be administered without sale, denial or delay.'" Id. 623 P.2d at 410.
The instant case is similar to the situations we addressed in Spencer and Shotkin wherein we restricted the pro se litigant's access to state tribunals.
In Spencer, supra, the respondent, who was not trained in the law, filed numerous pro se lawsuits concerning a variety of disputes with his neighbors over irrigation water. All these pro se actions evidenced strong emotion but no legal merit, and all were unsuccessful.
In Shotkin, supra, the respondent had a multitude of cases pending in the state and federal courts. Some of the cases grew out of previous ones which had been determined adversely to the respondent. It was held that such meritless cases interfered with the functioning of all the courts within the *1130 jurisdiction of Colorado and materially impeded the judicial process.
The instant case falls within the same general pattern as those cited above. Respondent Howard has filed a number of lawsuits, many of which are duplicitous of others. The complaints are filled with emotion, and many have been dismissed by trial courts as being without merit. Most of respondent's complaints assert enormous actual damages, and seek even greater punitive damages.
The respondent's constant and duplicitous pro se complaints filed in our courts result in an unwarranted burden on the judicial process and are prejudicial to the public interest.
Respondent H. Gordon Howard is hereby enjoined from filing any pro se complaint in any state court or administrative agency and from further appearing pro se in any state court action or administrative agency proceeding now pending. As to the cases now pending, respondent Howard is ordered to arrange for the appearance of legal counsel duly licensed to practice law in the State of Colorado. In the event legal counsel does not so enter an appearance within 45 days, then and in that event the state court or administrative agency may dismiss the pending action. In the event any court hearing or trial is scheduled, it may be continued to a later date to permit respondent Howard to retain counsel in accordance with the directions herein set forth.
Rule made absolute.