Paul C. WILLIAMS, Plaintiff–Appellant,

v.

DOWDLE SHEET METAL COMPANY, a Colorado corporation, Patrick D. Dowdle, and Alexander J. Makkai, Jr., Defendants–Appellees.

No. 92CA1821.

Colorado Court of Appeals, Div. I.

Dec. 30, 1993.

Paul C. Williams, pro se.

Miller, Makkai & Dowdle, Patrick D. Dowdle, Alexander J. Makkai, Jr., Denver, for defendants-appellees.

Opinion by Judge PIERCE.

Plaintiff, Paul C. Williams, appeals from the dismissal of his complaint against defendants, Dowdle Sheet Metal Company (DSM), Patrick D. Dowdle, and Alexander J. Makkai, Jr. We affirm.

In September 1992, plaintiff filed suit against defendants and also filed a *lis pendens* against real estate owned by DSM and Nancy Chapman–Traxler. On October 26, Chapman–Traxler filed a motion to intervene in the action, and defendants moved to dismiss the complaint and strike the *lis pendens*. Defendants also requested that their motion be heard in an expedited hearing.

Four days later, on October 30, the trial court set the matter for a hearing on November 4. Williams received notice of the hearing on November 2; the next day, he filed for bankruptcy and immediately submitted a notice of automatic stay with the trial court. Williams then elected not to appear the following day at the hearing on defendants' motion. The trial court proceeded with the hearing and subsequently entered judgment dismissing the complaint and striking the *lis pendens*. The court also entered an order prohibiting Williams from filing any pleadings against defendants that had not been reviewed and signed by licensed attorneys regarding the *lis pendens*.

■ On appeal, Williams asserts that the trial court's judgment must be vacated because he was not given sufficient notice of the hearing or adequate time to respond to defendants' motion. We disagree.

C.R.C.P. 6(d) provides that notice of a hearing on a written motion "shall be served no later than five days before the time specified for the hearing *unless a different period is fixed* by these rules or *by order of the court.*" (emphasis added) Similarly, C.R.C.P. 121(c) § 1–15(1) states that a party responding to a motion "shall have 15 days *or such lesser or greater time as the court may allow* in which to file ... a responsive brief." (emphasis added)

Here, the trial court's decision to grant defendants' request for an expedited hearing plainly represents a discretionary determination authorized by the rules of civil procedure. On the record before us, we perceive no abuse of discretion.

■ We also perceive no merit in Williams' assertion that the entry of the trial court's judgment violates the bankruptcy stay.

The pertinent part of 11 U.S.C. 362(a)(1) in effect at the time provided that the stay applied to:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case ... or to recover a claim against the debtor that arose before the commencement of the case....

Federal courts have uniformly held that the automatic stay provisions of 11 U.S.C. 362(a)(1) only preclude enforcement of judicial proceedings against the debtor. It does not apply to an action brought by the debtor, as here, if no affirmative action against the debtor was involved. *See, e.g., Martin–Trigona v. Champion Federal Savings & Loan Ass'n,* 892 F.2d 575 (7th Cir.1989).

■ Williams' assertion that the trial court's prohibition against any further *pro se* filings violated his constitutional right of access to the courts is equally without merit. Our supreme court has recognized that an order prohibiting a person from instituting litigation *pro se* does not necessarily contravene the constitutional right of access to the courts. *See Board of County Commissioners v. Winslow,* 862 P.2d 921 (Colo.1993).

Here, plaintiff's misuse of *lis pendens* warranted the sanction which was limited to this case, a specific property, and the parties

involved and was calculated to prohibit future misuse of *lis pendens* regarding the property.

The judgment is affirmed.

CRISWELL and ROTHENBERG, JJ., concur.