The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jeffrey MULBERRY, Defendant–
Appellant.

No. 93CA1956.

Colorado Court of Appeals,
Div. II.

Oct. 26, 1995.

Rehearing Denied Dec. 14, 1995.

Certiorari Denied June 24, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Daniel J. O'Brien, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Beth L. Krulewitch, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge HUME.

Defendant, Jeffrey Mulberry, appeals the judgment finding him guilty of criminal contempt and the six-month sentence imposed therefor. We affirm.

On June 7, 1993, defendant pled guilty to three felony counts for which he was sentenced July 9. On August 24, 1993, another individual's criminal case was set for trial. The prosecution intended to call defendant as a witness against that individual but was concerned that defendant would refuse to testify if called to the stand because of his expressed fear that his testimony would be used against him in pending prosecutions in other jurisdictions.

When called as a witness in the other individual's case, defendant asserted his privilege against self-incrimination. After conducting a hearing, the trial court made findings of fact, granted the prosecutor's motion to offer defendant use immunity, and ordered him to testify. Upon defendant's continued refusal to testify even after he had been granted immunity, the court found him in contempt and continued sentencing for the contemptuous conduct to a later date.

Defendant contends that the trial court erred in finding him guilty of contempt because his refusal to testify was not willful but was the result of ambiguity in the trial court's ruling as to the scope of use immunity. We disagree.

Section 13–90–118, C.R.S. (1987 Repl. Vol. 6A) provides that a witness who refuses to testify by invoking his privilege against self-incrimination may not refuse the court's order to testify following the grant of a motion for immunity. The statute further provides that any testimony or information derived from testimony produced under a grant of immunity cannot be used in any criminal proceeding other than a prosecution for perjury or false statement against the immunized witness. A grant of use immunity under this statute is as extensive as the protection

against self-incrimination provided by the Fifth Amendment. *People v. Lederer*, 717 P.2d 1017 (Colo.App.1986).

■ Here, the trial court correctly based its finding of contempt on its conclusion that the immunity granted defendant under § 13–90–118 was universal and that, therefore, all jurisdictions were precluded from using defendant's testimony in subsequent prosecutions against him. Nevertheless, after the court announced its findings and conclusions and entered its order granting immunity and requiring him to testify, defendant continued to refuse to testify. Thus, we perceive no ambiguity in the court's ruling that would alter the willful or purposeful character of defendant's refusal to obey the court's order that he testify pursuant to § 13–90–118.

■ Defendant next contends that his expression of intent to refuse to testify applied to a future proceeding and, therefore, was not an act of wilful disobedience that occurred in the presence of the court. This argument is without merit.

■ A finding of contemptuous conduct is within the sound discretion of the trial court and that determination is final unless there is a clear showing of abuse of such discretion. *Conway v. Conway*, 134 Colo. 79, 299 P.2d 509 (1956). A pronouncement before the trial court by an immunized witness that he or she will not testify as required by the court's order is a direct criminal contempt. *See Salardino v. People*, 158 Colo. 12, 405 P.2d 211 (1965).

Here, after the trial against the other individual had been commenced, defendant was called and duly sworn as a witness in that case. He was questioned by the trial court about his intent to refuse to testify and was ordered to testify following the court's grant of the prosecution's request for immunity. Defendant refused to testify while on the witness stand.

Under these circumstances, there was sufficient evidence to support the trial court's finding that defendant's willful refusal to obey the court's order occurred in the court's presence and was properly dealt with on a summary basis. *See Salardino v. People, supra.*

■ Defendant also contends that the trial court erred in not applying a civil or remedial rather than a criminal or punitive sanction. We disagree.

■ Civil contempt is remedial in nature and is imposed to compel the contemnor's exercise of his present ability to comply with the court's order. *Wilkinson v. Board of County Commissioners*, 872 P.2d 1269 (Colo. App.1993). Criminal or punitive contempt uses punishment to vindicate the dignity of the court. *People v. Razatos*, 699 P.2d 970 (Colo.1985).

Here, when defendant persisted in his refusal to testify, the criminal case against the other individual was dismissed. Defendant could no longer be compelled to testify after the criminal case had been dismissed, and remedial action would have been a futile and useless gesture. Hence, the trial court did not err in applying a punitive sanction.

■ Defendant lastly contends that the trial court abused its discretion in imposing sentence. Again, we disagree.

■ Punishment imposed for contempt should be reasonable or reasonably commensurate with the offense committed. *Shotkin v. Atchison, Topeka & Santa Fe R.R. Co.*, 124 Colo. 141, 235 P.2d 990 (1951).

Here, defendant has not shown that his sentence was excessive or not reasonably related to the nature of his misconduct. It is commensurate with the range of penalties provided for offenses involving obstruction of public justice in § 18–8–101, et seq., C.R.S. (1986 Repl.Vol. 8B). Hence, the sentence will not be disturbed on appeal.

The judgment and sentence are affirmed.

PLANK and MARQUEZ, JJ., concur.