In re Gabriel KARR; Donald H. Meyer; Suzanne Meyer; L. Douglas Beatty; Beatty, Gresham & Colerick, LLP; Zane Bowers; Ross E. Bryant; Ryan Karr; Ronald L. Kidd; Charles L. Oliver; Randall W.B. Purvis; Haley R. Realty, Inc.; and Inovest, LLC, Petitioners.

v.

Paul WILLIAMS a/k/a Paul Chayne Williams; Paul C. Williams; Ronald Lee Stewart; and Ronald L. Stewart, Respondent.

No. 02SA18.

Supreme Court of Colorado.

July 1, 2002.

Rehearing Denied Aug. 5, 2002.

John Randolph Torbet, Colorado Springs, Colorado, Attorney for Petitioners, Gabriel Karr; Ross E. Bryant; Ronald L. Kidd; Ryan Karr; Inovest, LLC; Donald H. Meyer; and Suzanne Meyer.

L. Douglas Beatty, Colorado Springs, Colorado, Attorney for Petitioners, L. Douglas Beatty, pro se; Beatty, Gresham & Colerick, LLP.

Randall W.B. Purvis, Colorado Springs, Colorado, Attorney for Petitioners, Randall W.B. Purvis pro se; Zane Bowers; Charles L. Oliver; Haley Realty Inc.

Paul Williams, Las Animas, Colorado, pro se Respondent.

PER CURIAM.

In this original proceeding, we issued a rule to show cause why Respondent, Paul Williams,[1] should not be enjoined from proceeding pro se as a plaintiff in pending or future litigation in the courts of this state. We now make that rule absolute but with this modification: Respondent may proceed pro se if he obtains leave of the court in which he intends to file an action in the manner we prescribe below. Otherwise, he must be represented by an attorney licensed to practice law in the State of Colorado.

## I. FACTS AND PROCEDURAL HISTORY

Respondent, who is currently serving a term of incarceration in the Department of Corrections, has used the judicial process to engage in a campaign of harassment and intimidation spanning more than twenty years. Petitioners, whom Respondent has

named as defendants in the suit underlying this petition, and many other individuals and entities in the State of Colorado have been the victims of this campaign. The cost of this "wholesale assault," *see Bd. of County Comm'rs v. Winslow,* 862 P.2d 921, 923 (Colo.1993)—both to the state and to the parties against whom Respondent's groundless suits are brought—has been enormous.

Repeatedly, Respondent has filed frivolous, vexatious lawsuits against his adversaries in an attempt to either gain leverage over them or exact vengeance on them. For example, Petitioners Gabriel Karr, Ross E. Bryant, and Ronald L. Kidd, were witnesses in two criminal cases in which Respondent was ultimately convicted.[2] Petitioners Donald H. and Suzanne Meyer were victims of a securities fraud for which Respondent was convicted and sentenced to sixteen years in the Department of Corrections. Respondent has sued Petitioners Karr, Bryant, and Kidd before. *Williams v. Karr,* No. 97CV0108 (El Paso County Dist. Ct.); *Williams v. Karr,* No. 95CV1517 (El Paso County Dist. Ct.); *Williams v. Bryant,* No. 96CV1831 (El Paso County Dist. Ct.); *Williams v. Kidd,* No. 98CV3288 (El Paso County Dist. Ct.). All of these cases were dismissed. In addition, Respondent has brought civil actions in both state court and the United States District Court for the District of Colorado against the district attorneys and investigators who contributed to his criminal convictions. *See, e.g., Williams v. Cafasso,* No. 01CV0080 (El Paso County Dist. Ct.); *Williams v. Cafasso,* No. 00S1225 (D.Colo). These actions were dismissed too.

Furthermore, on multiple occasions, Respondent has unjustifiably clouded title to property in this state—including the property of some of the Petitioners in this case—by filing a frivolous lawsuit and an accompanying notice of lis pendens. *See, e.g., Williams v. Kidd,* No. 98CV3288 (El Paso County Dist. Ct. Nov. 9, 1998) (order granting summary judgment and decree quieting title); *East Fillmore Investors v. Chrysler First Bus.*

---

1. The court records indicate that Respondent has also filed suits under the aliases Paul Chayne Williams, Paul C. Williams, Ronald Lee Stewart, and Ronald L. Stewart.

2. Respondent has also sued at least one other witness who testified against him in a criminal case. *See Williams v. Young,* No. 01CV1591 (El Paso County Dist. Ct.). This case was dismissed.

*Credit Corp.*, No. 94CV2314, (El Paso County Dist. Ct. Mar. 21, 1995) (order); *Williams v. Borison*, No. 94CV951, (Arapahoe County Dist. Ct. Oct. 16, 1995) (findings of fact, conclusions of law, and judgment order); *see also Williams v. Dowdle Sheet Metal Co.*, 867 P.2d 208, 209 (Colo.App.1993) (holding that Respondent's misuse of lis pendens justified trial court's order dismissing action, striking a lis pendens filed against defendants property, and prohibiting Respondent from filing any more pro se pleadings concerning a lis pendens against the defendant's property).

In *Williams v. Kidd*, Respondent brought a case against Ronald L. Kidd, a petitioner in this case, claiming title to property owned by Kidd. Respondent also filed a notice of lis pendens against the subject property. The trial court granted summary judgment in favor of Kidd and quieted title to the property in Kidd's favor. Furthermore, the trial court permanently enjoined Respondent from asserting any claim, right, title, or interest, in and to the property. Nevertheless, Respondent recorded two more notices of lis pendens on the same property, and Petitioner Kidd was then forced to incur further legal expenses to have them declared void and of no effect. In response, Mr. Williams filed another suit claiming that Kidd and his attorney had conspired to present false evidence to the trial court. In this action, he requested damages and a quiet title decree. This case was also dismissed upon the defendant's motion for summary judgment.

Similarly, in *East Fillmore Investors*, the court dismissed Respondent's complaint with prejudice and discharged the lis pendens filed against the defendant's property. It also enjoined Respondent from filing complaints against Chrysler First Business Credit Corporation or a lis pendens against its property unless such complaint or lis pendens is signed by an attorney licensed to practice law in this state. In doing so, the court noted that Respondent had already filed several complaints against Chrysler involving the same real property. Moreover, the court observed that although Respondent had made no attempt to serve the defendant, he "appears to be sufficiently informed to cloud this Defendant's title to the property

by filing a *lis pendens.*" The court found that the purpose of the suit was to harass the defendant and that "Mr. Williams has used both federal and state courts to create confusion" and a "needless expenditure of court time and expense."

Likewise, in *Williams v. Borison*, Respondent's complaint named over seventy defendants. Respondent made no effort to serve the bulk of these defendants. As to defendants Patrick Dowdle, Alexander Makkai, and the Dowdle Sheet Metal Company, the trial court found that since 1981 Respondent had repeatedly filed "groundless and frivolous civil actions" against them, not only in the Arapahoe County District Court, but also in the District Court for the City and County of Denver, United States District Court for the District of Colorado, and the United States Bankruptcy Court for the District of Colorado. "All of these proceedings have been adversely adjudicated against the Plaintiff." The court pointed out that the very first action filed against these defendants in 1981 resulted in judgment being entered against Respondent for groundless and frivolous litigation and awarded defendant Patrick D. Dowdle $100,000 actual damages as well as $1,000,000.00 in exemplary damages. This judgment was not appealed and has become final and binding.

With regard to defendants Angelica N.O. Larson and Robert E. Larson, the trial court similarly found that "the pending action is merely one ... more example of Plaintiff's repeated filing of groundless and frivolous lawsuits against the Larson's, commencing in the early 1980's." All of these proceedings have also been adversely adjudicated against Respondent and usually involved the same issues. In addition, the court found that

> the complaints in these consolidated cases are virtually incomprehensible and make allegations which no reasonable person could find to have a basis in fact, including multiple allegations that virtually every witness who has ever testified against the Plaintiff in prior cases is not really a witness but someone occupying the body and assuming the identity of the real doctors and witnesses who the Plaintiff claims have joined in some type of conspiracy to cause

the prior criminal convictions of Mr. Williams.

Finally, the court found that Respondent's tactics were designed to harass, and that Respondent's pro se filings were confusing, vexatious, needless expenditures of court time, and expensive to other parties who have to defend such groundless claims. In the trial court's opinion, "Mr. Williams will continue to file these complaints ad nauseam unless he is permanently enjoined therefrom." Accordingly, acknowledging the severity of Respondent's conduct and the fact that monetary sanctions had not been effective, the court permanently enjoined Respondent from filing any pleadings or lis pendens within its jurisdiction unless a licensed attorney signs such pleadings or lis pendens.

Respondent's abuse of the judicial process has not been limited to the state courts. In *Williams v. Madden,* No. 001330, 2001 WL 661086, 9 Fed.Appx. 996, 2001 U.S.App. Lexis 13520 (10th Cir. June 13, 2001), the Tenth Circuit affirmed the federal district court's finding that the proceeding was repetitive, vexatious, and frivolous. In dismissing the action, the district court pointed out that Respondent had brought virtually identical claims unsuccessfully three times before. *Id.* at *2, 9 Fed.Appx. at 997. The district court explained the circumstances giving rise to the suit:

> All of Mr. Williams' claims in this action arise out of a series of events that began in 1979. Mr. Williams alleges that he was involved in various real estate transactions that ultimately led to his convictions in Colorado state court for criminal impersonation and theft. Mr. Williams contends that the alleged victim of the criminal impersonation actually was murdered and that one of the defendants assumed the victim's identity in order to secure Plaintiff's conviction in that case. He maintains that in both state court criminal cases a group of public and private individuals conspired to deprive him of fair trials by perjuring themselves and by failing to disclose exculpatory evidence.

*Id.* at *3, 9 Fed.Appx. at 998. Although the Tenth Circuit affirmed the district court's dismissal on the ground that the suit was frivolous and malicious, it noted in dicta that the suit was also probably subject to dismissal on both res judicata and statute of limitations grounds, or failing to contain a short and plain statement of a claim showing a right to legal relief. *Id.* at *4, 9 Fed.Appx. at 998.

These cases are only examples of Respondent's prolonged and serious abuse of the judicial process. Indeed, the records of the state's courts are replete with many more examples of meritless actions filed by Respondent that we need not detail here. It is clear that Respondent "has exacted and continues to exact a serious strain on the judicial resources of this state." *Winslow,* 862 P.2d at 923. "Accordingly, the primary question before us concerns the appropriate remedy which this court should institute in order to minimize Respondent's interference with state judicial processes." *Id.*

## II. ANALYSIS AND APPLICATION

■ Our constitution guarantees every person access to the courts of this state. Colo. Const. art. II, § 6. This right is not, however, absolute. It must be balanced against the equally important constitutional principle that "right and justice should be administered without sale, denial, or delay." *Id.* To maintain this balance, we have, on a number of occasions, enjoined parties from appearing pro se in all the courts of the state. *See Bd. of County Comm'rs v. Winslow,* 862 P.2d 921 (Colo.1993); *Bd. of County Comm'rs v. Howard,* 640 P.2d 1128 (Colo. 1982); *People v. Dunlap,* 623 P.2d 408 (Colo. 1981); *People v. Spencer,* 185 Colo. 377, 524 P.2d 1084 (1974); *Shotkin v. Kaplan,* 116 Colo. 295, 180 P.2d 1021 (1947); *see also Bd. of County Comm'rs v. Barday,* 197 Colo. 519, 594 P.2d 1057 (1979); (enjoining respondent from appearing pro se in present or future suits arising out of or related to his marital difficulties). "The common thread running through these opinions is that a litigant's right of access to the courts must[,] ... in a proper case, ... yield to the interests of other litigants and of the public in general in protecting judicial resources from the deleterious impact of repetitious, baseless *pro se* litigation." *Bd. of County Comm'rs v. Win-*

*slow,* 706 P.2d 792, 794 (Colo.1985). In each of these cases, the enjoined party was using the judicial process not to vindicate his rights, but to harass and intimidate his adversaries by repeatedly filing groundless and vexatious claims against them. Respondent's conduct here falls within this same pattern.

This court has both the duty and the power to protect courts, citizens, and opposing parties from such abuse. *People v. Dunlap,* 623 P.2d 408, 410 (Colo.1981); *Howard,* 640 P.2d at 1129; Colo. Const. art VI, § 2(1), § 3. Mere litigiousness is not grounds for an injunction prohibiting a party from proceeding pro se; however, no one has a right to use the judicial process for the purpose of harassing or intimidating his adversaries. "Opposing litigants must bear the expense of defending against meritless claims, and citizens in general suffer the hardships brought about by increased court costs, crowded dockets, and the unreasonable delay and confusion that accompany a disruption of proper judicial administration." *Winslow,* 862 P.2d at 923; *accord Spencer,* 185 Colo. at 381, 524 P.2d at 1086. As the United States Supreme Court has aptly observed *"pro se* litigants have a greater capacity than most to disrupt the fair allocation of judicial resources because they are often not subject to financial considerations ... that deter other litigants from filing frivolous petitions." *In re Sindram,* 498 U.S. 177, 180, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991). Likewise, "an injunction may be necessary to prevent further abuse of judicial resources by a *pro se* litigant because a party acting in his own behalf is not subject to the disciplinary procedures that prevent abuse of the system by attorneys." *Winslow,* 706 P.2d at 794; *accord Shotkin,* 116 Colo. at 298, 180 P.2d at 1022 (noting that frivolous pro se litigation cannot be curbed through this court's disciplinary authority over members of the bar).

Respondent's conduct is at least as egregious as the conduct of those we enjoined from appearing pro se in *Winslow, Howard, Dunlap, Spencer,* and *Shotkin.* His actions clearly demonstrate that he seeks to use the judicial process in order to disrupt the lives of his adversaries. *See Winslow,* 862 P.2d at 924. Moreover, Respondent's constant, du-

plicitous, and groundless complaints and appeals "have resulted in an unjustifiable burden on the judicial process and are contrary to the public interest." *Id.* Where, as here, monetary penalties are ineffective and our disciplinary authority cannot curb the litigant's transgressions because he is not licensed, an injunction is the proper recourse. *See id.* at 923–24. The scope of this injunction, however, requires careful consideration.

Although in the past, we have simply enjoined the offending party from proceeding pro se in the courts of this state, *see Winslow,* 862 P.2d at 924; *Howard,* 640 P.2d at 1130; *Dunlap,* 623 P.2d at 411; *Spencer,* 185 Colo. at 382, 524 P.2d at 1087; and *Shotkin,* 116 Colo. at 298–99, 180 P.2d at 1022, we hesitate to impose that remedy here. In his brief to this court, Respondent claims that because he is indigent, an order preventing him from appearing without counsel will effectively prevent him from appearing at all. This, he argues, deprives him of his constitutional right of access to the courts of this state. We have never considered this issue. Doing so now, we find that there is some merit in Respondent's argument.

Because an injunction limiting a party's right to proceed pro se impinges on his constitutional right of access to the courts, it must be narrowly tailored. Respondent is incarcerated and claims he is indigent. Indeed, he has been granted permission to proceed in forma pauperis in a number of cases in the past few years. We are therefore wary of conditioning his access to the courts on the requirement that counsel represent him.

Addressing this same issue in the federal context, both the Tenth Circuit and the Eleventh Circuit have reversed district court orders conditioning access to the federal courts solely on representation by an attorney. *See Colo. ex rel. Colo. Judicial Dept. v. Fleming,* No. 89–1040, slip op. (10th Cir. Oct. 10, 1989) (reproduced in relevant part on remand in *Colorado ex rel. Colo. Judicial Dep't. v. Fleming,* 726 F.Supp. 1216, 1220 (D.Colo. 1989)); *Procup v. Strickland,* 792 F.2d 1069, 1071 (11th Cir.1986). In *Procup v. Strickland,* 567 F.Supp. 146 (M.D.Fla.1983), the federal district court enjoined Robert Procup

from filing any complaints with the court without the aid of an attorney. *Id.* at 146. It observed that virtually every action filed by Procup had been brought pursuant to 42 U.S.C. § 1983 and thus, given the provision for recovery of attorney's fees in 42 U.S.C. § 1988, if Procup had an arguably meritorious claim, he could find an attorney to bring it before the court. *Id.* at 160. The district court also noted the availability of legal assistance to indigent inmates from Florida Institutional Legal Services, Inc. *Id.* It therefore concluded that requiring Procup to be represented by counsel would not deprive Procup of meaningful access to the federal courts. *Id.* at 162.

The Eleventh Circuit reversed. It concluded that Procup's reputation and his history of suing lawyers "may well foreclose him from filing any suits at all." *Procup,* 792 F.2d at 1071. Private attorneys, the court reasoned, might well be unwilling to devote the time and effort necessary to sift through Procup's generally frivolous claims to see if there is one of sufficient merit to undertake legal representation, and a legitimate claim could well go undiscovered. Even the legal services office would be deterred from representing such a difficult client, the court reasoned. *Id.* "With the premise that Procup would simply be unable to get any attorney to represent him, the injunction effectively enjoins Procup from filing any suit. An absolute bar against a prisoner filing any suit in federal court would be patently unconstitutional." *Id.; see also Colo. ex rel. Colo. Judicial Dep't,* 726 F.Supp. at 1220; *Winslow v. Romer,* 759 F.Supp. 670, 677–78 (D.Colo.1991).

■ We find this reasoning both persuasive and applicable. Indeed, given that attorney's fees generally would not be recoverable in the types of actions filed by Respondent, his chances of obtaining free representation are even less than Procup's. We therefore hold that Respondent may proceed pro se, but only if he first obtains permission of the court in which he intends to file the action. This permission must be obtained in the following manner, which we adapt from the Colorado Federal District Court's opinions in *Colorado ex rel. Colo. Judicial Dep't* and *Winslow v. Romer.*

To obtain leave of the court in which Respondent intends to bring a claim, he must file with that court: (1) a petition requesting permission to file a pro se action; (2) an affidavit in proper legal form as directed below; and (3) a copy of the complaint or claims sought to be filed in the district.

The petition requesting permission to file a pro se action shall contain the following:

(1) a copy of this opinion, and a statement advising the court that the petition to file a pro se action is being submitted pursuant to this opinion;

(2) a statement advising the court whether any defendant to the lawsuit was a party, litigant, judge, attorney, court officer, public official or participant to, or was any way involved in, any prior lawsuit involving Respondent;

(3) a list of all lawsuits in the courts of this state, the United States District Court for the District of Colorado; and the Court of Appeals for the Tenth Circuit in which Respondent was or is a party. This list shall include the name, case number, and citation, if applicable, of each case; a statement indicating the nature of Respondent's involvement in the lawsuit; and its current status or disposition. If judgment was rendered against Respondent, he must indicate the amount of the judgment, the amount of the judgment that remains outstanding, if any, and the reasons that amount remains outstanding. Respondent must also identify the procedural or monetary sanctions, assessment of attorney fees, contempt orders, or jail sentences arising out of a civil prosecution imposed against him by any court, including all appellate courts, if any. Respondent shall include a brief statement explaining the sanctions, contempt order, attorney fees or jail sentence imposed; the type or amount of sanctions; the outstanding amount of any sanctions or attorney fees; and the current status or disposition of the matter.

The affidavit that we require Respondent to submit to the court in which he intends to file an action shall be in proper form, and shall contain the following recitals:

(1) that the claim or claims Respondent wishes to present have never before been raised by him and disposed of by any state or federal court and are not, to the best of his knowledge, barred by collateral estoppel or res judicata;

(2) that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith; that they are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass, cause unnecessary delay or needless increase in the cost of litigation, or to avoid the execution of a valid judgment;

(3) that the claim or claims are not meant to harass any judicial officer, attorney, individual, organization, or entity; and

(4) that in prosecuting the action, Respondent will comply with all state and local rules of procedure, including those requiring service to other parties of all pleadings and papers filed with the court and will provide the court with acceptable proof that such service was made.

Finally, we require Respondent to submit a copy of the complaint he intends to file and any other documents associated therewith.

Based on these documents, the court in which Respondent intends to file his action shall either approve or disapprove the petition for leave to file a pro se complaint. In doing so, the court shall consider:

(1) whether Respondent has complied with this opinion;

(2) whether Respondent's complaint complies with the Colorado Rules of Civil Procedure and the Local Rules of Practice;

(3) whether the complaint is frivolous, abusive, harassing, or malicious;

(4) whether the claims raised in Respondent's complaint have been previously adjudicated by any state or federal court;

(5) whether Respondent has complied in all respects with C.R.C.P. 11;

(6) whether the complaint alleges claims against judges, court officials, public officers, or any other individuals who may have immunity from suit; and

(7) whether the complaint meets such other reasonable requirements established by the court in which Respondent intends to file his action.

The court shall not otherwise address the merits of the complaint at this stage.

### III. CONCLUSION

Respondent, Paul Williams, is hereby enjoined from proceeding as a proponent of any claim in the courts of the State of Colorado without the representation of any attorney licensed to practice in this state, unless he has first obtained permission to proceed pro se in accordance with the procedures set forth herein.[3] As to the cases now pending, Respondent is ordered to comply with this opinion within forty-five days. If he does not, the court in which the action is pending may dismiss the action. With these modifications, we make the rule absolute.

---

**3.** Respondent is still free to proceed pro se in his own defense.