930 F.2d 36
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Paul WILLIAMS, formerly known as Ronald Lee Stewart,
individually, Plaintiff-Appellant,
and
Greenwood Plaza South Investors One, a Joint-Venture,
Sternburg Enterprises Company, a Joint-Venture, Plaintiffs,
v.
Bill L. WALTERS, also known as William Lester Walters,
Greenwood Plaza (Denver) Associates Limited Partnership, a
Colorado Limited Partnership, Avanti Development
Corporation, a Florida Corporation, Avanti Property
Corporation, a Florida Corporation, Loeb (U.S.) Corporation,
a Georgia Corporation, Loeb (U.S.) Property Corporation, a
Georgia Corporation, Adroit (U.S.) Corporation, a Georgia
Corporation, Adroit (U.S.) Property Corporation, a Georgia
Corporation, Hastings Pork Corporation, a Nebraska
Corporation, Hastings Pork Holdings, Ltd., a Colorado
Corporation, F.H.T., Inc., a Nebraska Corporation, F.H.T.,
Inc., a Colorado Corporation, Investors Real Estate Trust,
Tower 64 Limited Partnership, a Colorado Limited
Partnership, Mike Blumenthal, individually, Mike Blumenthal,
as General Partner of Tower 64 Limited Partnership, Jeffrey
Prager, individually, Jeffrey Prager, as a partner in Tower
64 Limited Partnership, Fred Hiller, III, individually, Fred
Hiller, III, as a partner in Tower 64 Limited Partnership,
Omnibank Southeast, Cherry Creek National Bank of Denver,
Cherry Creek National Bank of Denver, 17th Street, Second
Creek Farms, a Colorado General Partnership, Cherry Creek
Bankshares, Ltd., a Colorado Corporation, Aurora National
Bank, Colorado National Bank Tech-Center, Hayden Holl
Thompson, individually, Sheryl Thompson, formerly known as
Sheryl Larson, Robert Elgin Larson, individually, Angelica
Olson Larson, individually, Alex Leslie, individually,
Maurice Dahl, individually, Gary Duncan, individually,
Joanne Thompson, Irrevocable Trust, Mabel T. Erickson,
Revocable Trust, Mabel T. Erickson, Irrevocable Trust, Nancy
L. Pifer, also known as Nancy Berry, individually, Gaines
Berry, individually, McHenry County Credit Company, a
Delaware Corporation, First State Bank of New Rockford,
North Dakota, Ross Watson, individually, Michael Watson,
individually, Thomas Watson, individually, Glen B. Clark,
Jr., individually, Robert K. Swanson, Patrick D. Dowdle,
individually, Dowdle Sheet Metal Company, a Colorado
Corporation, Gunter Oil Well Service, Inc., a Colorado
Corporation, Forrest Charlesworth, individually, Bonnie
Charlesworth, individually, Pangle Oil Well Service, Inc.,
A. Leroy Pangle, individually, Sanders Oilfield Construction
Company, Inc., a Colorado Corporation, Horace G. Sanders,
individually, H. Glen Sanders, individually, Kathleen
Sanders, individually, Herman Houston, individually,
Patricia Houston, individually, Thomas J. Fritz,
individually; Karen A. Fritz, individually, Thomas Higgins,
individually, Steven Lloyd Higgins, Deborah Kay Higgins,
individually, Donna Lee McFadden, individually, Robert R.
Gallagher, Jr., Robert R. Gallagher, Jr., as District
Attorney of Arapahoe County, Colorado, John Jordan,
individually, John Jordan, as Deputy District Attorney of
Arapahoe County, Colorado, Steve Polidori, Individually,
Steve Polidori, as former Deputy District Attorney of
Arapahoe County, Colorado, Steve Lee, Individually, Steve
Lee, as Deputy District Attorney of Arapahoe County
Colorado, Robert F. Kelley, individually, Robert F. Kelley,
as former District Court Judge of Arapahoe County, Colorado,
James S. Bailey, Jr., individually, Helen R. Stone,
individually, Alan Bennett, individually, Mortgage
Consultants Company, a Colorado Corporation, Yvonne K.
Higgins, individually, Silverado Financial Corporation, a
Colorado Corporation, Silverado Banking Savings & Loan
Association, Michal R. Wise, individually, South Denver
Bankshares, Ltd., a Colorado Corporation, South Denver
National Bank of Denver, John Doe, individually, Richard
Wehrle, individually, First National Bank of Southeast
Denver, Mike Leprino, individually, Charles E. Snow,
individually, Thompson Enterprises International, Inc., a
Colorado Corporation, Thompson Enterprises, Inc., a Colorado
Corporation, Philip Hayden Thompson, individually, Citadel
Bankcorporation, a Colorado Corporation, Citadel Bank of
Colorado Springs (the), Deutsch and Sheldon, a Colorado
General Partnership, Charles Schwartz, individually, Donald
Loeb, individually, Judith Loeb, individually, Lorraine
Loeb, individually, Diane C. Martin, individually, M. Kent
Winker, individually, Robert McRae, individually, Jacqueline
Walters, individually, Walters Trust 1, C.C.S.D. Associates
Limited Partnership, Harvey E. Deutsch, individually, Norman
A. Sheldon, individually, Peter A. Kost, individually,
Richard A. Gartrell, individually, Jane R. Hoffman,
individually, Jackeye M. Ivey, individually, Joann M.
Stoltz, individually, Aircraft Sales of Colorado, Inc., a
Colorado Corporation; Colorado Aircraft Sales and
Brokerage, Inc., a Colorado Corporation, Dennis Rommel,
individually, Susan Rommel, individually, Robert Larson, as
officer and director of Aircraft Sales of Colorado, Inc. and
Colorado Aircraft Sales and Brokerage, Inc., Angelica Olson
Larson, as officer and director of Aircraft Sales of
Colorado, Inc. and Colorado Aircraft Sales and Brokerage,
Inc., Dennis Rommel, as an officer and director of Aircraft
Sales of Colorado, Inc. and Colorado Aircraft Sales and
Brokerage, Inc., Susan Rommel, as an officer and director of
Aircraft Sales of Colorado, Inc. and Colorado Aircraft Sales
and Brokerage, Inc., Defendants-Appellees.
 No. 90-1317.
 United States Court of Appeals, Tenth Circuit.
 March 21, 1991.
 
 D.Colo., No. 90-Z-1783.
 D.Colo.
 AFFIRMED.
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On October 5, 1990, plaintiffs filed a forty-six page complaint against over fifty defendants which alleges "numerous violations of Civil and Criminal Laws," constituting "[p]atterns of Racketeering Activity, ... other statutes," and "numerous violations of the Colorado Organized Crime Control Act." R.Vol. I, tab 1 at 2. Plaintiff, Paul Williams, appeared pro se.
 
 
 3
 Citing Fed.R.Civ.P. 8(a)(2), on its own motion the district court ordered Plaintiffs' complaint and cause of action dismissed without prejudice.[1] R.Vol. I, tab 2 at 1. Plaintiff, Paul Williams, appeals this order.
 
 
 4
 We review the sufficiency of a complaint de novo. Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). In doing so, "we apply the same scrutiny to the complaint as did the trial court" (id. 978 (citing Boise City Farmers Co-op v. Palmer, 780 F.2d 860 (10th Cir.1985)) and, therefore, "accept all the factual allegations as true and ... draw all reasonable inferences in favor of the plaintiff." Tri-Crown, Inc. v. American Fed. Sav. & Loan Ass'n, 908 F.2d 578, 582 (10th Cir.1990) (citation omitted); accord Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir.1990) (citing Zinermon v. Burch, 110 S.Ct. 975, 979 (1990); National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir.1989)).
 
 
 5
 Fed.R.Civ.P. 8(a)(2) requires that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." This is because "[t]he purpose of a modern complaint is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.' " Monument Builders v. American Cemetery Ass'n, 891 F.2d 1473, 1480 (10th Cir.1989), cert. denied, 110 S.Ct. 2168 (1990) (quoting in part Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1371 (10th Cir.1979)); see also Conley v. Gibson, 355 U.S. 41, 47 (1957) (The complaint should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").
 
 
 6
 We have read the complaint carefully. Even applying a less stringent standard to plaintiffs' pro se complaint than we would to a complaint drafted by a lawyer (Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988),) and construing it liberally "to effectuate the spirit of the liberal rules of pleading," (Morgan v. City of Rawlins, 792 F.2d at 978,) the complaint does not give the defendants fair notice of the bases of the claims against them. Furthermore, the court cannot say that plaintiffs' many allegations, if true, form a legal right to relief. In sum, we agree with the district court's assessment that:
 
 
 7
 plaintiffs' prolix, rambling, and unintelligible Complaint, ... [is] not ... [a] "short and plain statement." ... [E]ven reading the voluminous statements in the light most favorable to plaintiffs, the allegations fail to show that plaintiffs are entitled to the relief sought.
 
 
 8
 R.Vol. I., tab 2 at 1.
 
 
 9
 Therefore, we hold that the district court did not err in dismissing, without prejudice, plaintiff's complaint and cause of action for failure to comply with Fed.R.Civ.P. 8(a)(2). AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R 36.3
 
 
 [1]
 Plaintiff Paul Williams earlier brought two similar lawsuits against many of the same defendants. The district court dismissed without prejudice those complaints pursuant to Fed.R.Civ.P. 8(a)(2). Plaintiffs refiled essentially the same lawsuit three times, apparently electing to stand on their complaint. Therefore, the district court dismissed without prejudice Plaintiffs' cause of action as well as the complaint. This is a final appealable order under 28 U.S.C. Sec. 1291. See United States v. Wallace, 336 U.S. 793, 794 n. 1 (1949) ("That [a] dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended [the] suit so far as the District Court was concerned.") (citations omitted); accord Gray v. County of Dane, 854 F.2d 179, 182 n. 4 (7th Cir.1988); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985); Davis Forestry Corp. v. Smith, 707 F.2d 1325, 1326 n. 1 (11th Cir.1983), reh'g denied, 714 F.2d 159 (11th Cir.1983); Allied Air Freight, Inc. v. Pan Am. World Airways, 393 F.2d 441, 444 (2d Cir.1968), cert. denied, 393 U.S. 846 (1968); see generally, 9 Moore's Federal Practice p 110.13 (1990) at nn. 2, 30