**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2001**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

PAUL WILLIAMS,

      Plaintiff-Appellant,

v.

TIMOTHY CHARLES MADDEN;
TAMARA S. PENINGTON
CARMICHAEL; NANCY PIFER, also
known as Nancy Berry; STEVEN R.
POLIDORI; HELEN R. STONE;
HAYDEN HOLL THOMPSON;
SHERYL RAE THOMPSON;
STEPHEN M. LEE; F.H.T., INC., also
known as Hastings Pork Corporation,
a Nebraska corporation;
GREENWOOD PLAZA (DENVER)
ASSOCIATES LIMITED
PARTNERSHP, a Colorado Limited
partnership; MABEL T. ERICKSON
IRREVOCABLE TRUST, with
Hayden Thompson as its sole
beneficiary; ALL PERSONS
CLAIMING ANY INTEREST IN THE
REAL PROPERTY DESCRIBED
HEREIN,

      Defendants-Appellees.

No. 00-1330
(D.C. No. 00-S-582)
(Colorado)

## ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

Paul Williams brought this pro se action asserting claims under 42 U.S.C. § 1983 and state law against numerous defendants. The district court dismissed the action as frivolous, pointing out that Mr. Williams has previously brought virtually identical claims unsuccessfully three times.[1] Mr. Williams appeals and we affirm.

34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] In dismissing this action, the district court relied on authority approving the dismissal of repetitious litigation reasserting virtually identical causes of action. Mr. Williams filed a motion to reconsider, arguing that the authority upon which the district court relied was addressed to in forma pauperis actions and that because he had paid the filing fee it did not apply to him. The court denied the motion, pointing out that it has inherent authority to dismiss a complaint as frivolous and malicious regardless of the plaintiff's filing status and citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989). Although Mr. Williams does not challenge this ruling on appeal, we note our agreement with the district court that while the in forma pauperis statute authorizes courts to dismiss a frivolous or malicious action, "there is little doubt they would have power to do so even in the absence of this statutory provision." *Id.*; *see also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam).

-2-

The events underlying this lawsuit occurred over ten years ago.[2]  As described by the district court:

> All of Mr. Williams' claims in this action arise out of a series of events that began in 1979.  Mr. Williams alleges that he was involved in various real estate transactions that ultimately led to his convictions in Colorado state court for criminal impersonation and theft.  Mr. Williams contends that the alleged victim of the criminal impersonation actually was murdered and that one of the defendants assumed the victim's identity in order to secure Plaintiff's conviction in that case.  He maintains that in both state court criminal cases a group of public and private individuals conspired to deprive him of fair trials by perjuring themselves and by failing to disclose exculpatory evidence.

Rec., vol. I, doc. 20 at 2.  One of Mr. Williams' previous attempts to bring this claim in federal district court was dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8(a)(2), and the dismissal was affirmed on appeal.[3] *See Williams v. Walters*, No. 90-1317, 1991 WL 47141 (10th Cir. Mar. 21, 1991).  In affirming the dismissal, we noted that Mr. Williams "earlier brought two similar lawsuits against many of the same defendants.  The district court dismissed without prejudice those complaints pursuant to Fed. R. Civ. P. 8(a)(2).

---

[2] Defendants contend on appeal that Mr. Williams' lawsuit is subject to dismissal on both res judicata and statute of limitations grounds.  In view of our conclusion that the action was correctly dismissed as frivolous and malicious, we do not address these arguments further, although we note that they carry considerable force.

[3] The instant complaint and amended complaint, both of which run over 30 pages, would likewise be subject to dismissal for failure to contain a short and plain statement of a claim showing a right to legal relief.

Plaintiffs refiled essentially the same lawsuit three times, apparently electing to stand on their complaint." *Id.* at **2 n.1.

The last attempt by Mr. Williams to bring a virtually identical claim against most of the defendants named here was filed when the immediately preceding claim was still pending appeal. The district court dismissed that claim *with prejudice*. *Williams v. Larson*, No., 91-Z-178 (D. Colo. Oct. 7, 1991), *appeal dismissed*, No. 91-1365 (10th Cir. Jan. 13, 1992).

We have carefully reviewed the history of Mr. Williams' attempts to litigate his claims and the pleadings he has filed in this action. We are convinced that the district court correctly characterized the instant proceeding as repetitive, vexatious and frivolous. Indeed, the facts here are very similar to those in *Fitzgerald*, 221 F.3d 362, in which the court deemed frivolous a lawsuit reasserting claims that had already been dismissed twice.

Accordingly, the order of dismissal is **AFFIRMED**.[4]

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[4] Mr. Williams' request to proceed in forma pauperis on appeal is denied.