FILED
United States Court of Appeals
Tenth Circuit

February 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LORI L. PARK,

        Plaintiff-Appellant,

v.

TD AMERITRADE TRUST
COMPANY, INC; TD AMERITRADE
ONLINE HOLDINGS CORP.; TD
AMERITRADE HOLDING
CORPORATION; THE
TORONTO-DOMINION BANK;
JOSEPH H. MOGLIA; J. THOMAS
BRADLEY, JR.,

        Defendants-Appellees.

No. 11-1157
(D.C. No. 1:10-CV-03136-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

On March 17, 2011, the district court dismissed this pro se Title VII action

without prejudice, finding that it was duplicative of another case that appellant

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lori L. Park had filed against the same defendants. Ms. Park appeals from the district court's order of dismissal, raising a single issue. She asserts the district court erred in dismissing the action before permitting her to obtain a waiver of service from the defendants pursuant to Fed. R. Civ. P. 4(d). Because the district court did not abuse its discretion in dismissing the action, we affirm.

In all, Ms. Park claims to have filed five discrimination charges and four lawsuits, including the current action, involving her former employment with TD Ameritrade.[1] On August 24, 2009, Ms. Park filed her first EEOC charge, in which she asserted retaliation for her opposition to discrimination. The EEOC issued her a right-to-sue letter. On October 18, 2010, she filed Case No. 10-cv-02599 in the United States District Court for the District of Colorado. In her complaint, she included claims for retaliation, harassment, and hostile work environment based on retaliation, as well as state law claims for promissory estoppel and breach of contract, and negligence. Case No. 10-cv-02599 remains pending in the district court.

On September 17, 2009, Ms. Park filed two more discrimination charges with the EEOC. Her second charge alleged (1) retaliation, (2) discrimination based on sex, and (3) "3rd Party & Bystander Harassment/Hostile Work

---

[1] Two of Ms. Park's lawsuits relative to her employment with TD Ameritrade, one of which involved her fourth and fifth EEOC charges, were apparently dismissed without appeal. *See* Aplee. Br. at 5.

Environment, Etc." R. at 68. Her third charge alleged retaliation and "Ethni[ci]ty Bystander & Ethnicity Discrimination." *Id.* at 69. The incidents alleged in these charges dated from before she filed her initial lawsuit in Case No. 10-cv-02599. The EEOC issued right-to-sue letters concerning these charges, and on December 27, 2010 Ms. Park filed the present suit (Case No. 10-cv-03136). She again included claims for retaliation and sexual harassment and hostile work environment as well as state claims for promissory estoppel and breach of contract and negligence.

On February 10, 2011, the district court issued an order requiring Ms. Park to show cause why Case No. 10-cv-03136 should not be dismissed for being duplicative of Case No. 10-cv-02599. Ms. Park responded that Case No. 10-cv-03136 was based on a "fresh set of facts with different incident dates" that established a claim for harassment and hostile work environment that had not been pled in Case No. 10-cv-02599. *Id.* at 88. She followed up this response with a pleading requesting that the district court order the United States Marshal's Office to serve waiver of service forms on the defendants in Case No. 10-cv-03136.

The district court rejected Ms. Park's arguments and dismissed this action as duplicative of Case No. 10-cv-02599, without ordering that waiver of service forms be served on the defendants. It concluded that "[t]he Amended Title VII Complaints in the two actions involve identical parties, assert the same claims

-3-

under federal and state law, and seek the same remedies." R. at 152. Ms. Park subsequently filed a motion for reconsideration or for Fed. R. Civ. P. 60(b) relief, which the district court denied. She then filed a second motion for reconsideration, which the district court also denied. In its order denying the second motion for reconsideration, the district court noted that Ms. Park had been granted leave to amend her complaint in Case No. 10-cv-02559 to include all of her Title VII claims, and that all existing deadlines had been vacated in that case. *Id.* at 201.

After the district court denied her second motion for reconsideration, Ms. Park filed the notice of appeal that established our jurisdiction. She appealed only from the district court's initial order of dismissal and not from the denial of her reconsideration motions. *Id.* at 204.

Because Ms. Park is proceeding pro se, we construe her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks omitted). A district court, as part of its general power to administer its docket, "may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). We review for abuse

of discretion a district court's dismissal of a case as being duplicative of another case pending before it. *See id.*; *see also Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) ("[H]ere the dismissal for claim-splitting was premised in significant measure on the ability of the district court to manage its own docket, and in that situation the appellate court reviews the dismissal under an abuse of discretion standard.").

Having reviewed the briefs, the record, and the applicable law, we discern no abuse of discretion in the district court's dismissal of Case No. 10-cv-03136 as duplicative of Case No. 10-cv-02559. The judgment of the district court is therefore AFFIRMED. Ms. Park's motion to proceed in forma pauperis is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge