**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LORI L. PARK,

       Plaintiff - Appellant,

v.

TD AMERITRADE TRUST
COMPANY, INC.; TD
AMERITRADE ONLINE HOLDINGS
CORP.; TD AMERITRADE
HOLDING CORPORATION; THE
TORONTO-DOMINION BANK;
JOSEPH H. MOGLIA; J. THOMAS
BRADLEY, JR.; TD AMERITRADE
SERVICES COMPANY, INC.; TD
AMERITRADE, INC.,

       Defendants - Appellees.

No. 11-1572
(D.C. No. 10-CV-02599-PAB-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Plaintiff-Appellant Lori Park appeals from the district court's judgment

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

dismissing her case with prejudice for failure to prosecute based upon her non-attendance at a scheduling conference. Fed. R. Civ. P. 16(f)(1)(A) & 41(b); R. 735-36. The district court also imposed filing restrictions. On appeal, she argues that the district court erred in imposing this sanction "when allegations of 'judicial case fixing' were evident and exposed by the Plaintiff." Aplt. Br. 1. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Ms. Park has filed a series of actions against the Defendants-Appellees arising from her prior employment. See Park v. TD Ameritrade Trust Co., Inc., 461 F. App'x 753, 754-55 (10th Cir. 2012). In this action, the long story short is that she did not attend a scheduling conference set by the magistrate judge after the magistrate judge rejected repeated attempts to vacate it. R. 536-37. Nor did Ms. Park provide any input in drafting the proposed scheduling order. Id. at 537. When Ms. Park did not timely respond to an Order to Show Cause, the magistrate judge recommended dismissal after considering the factors in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992); R. 540. The district court saw it the same way after considering Ms. Park's objections to the magistrate judge's recommendation. Id. at 721-24.

Our review is for an abuse of discretion. Lee v. Max Int'l, Inc., 638 F.3d 1318, 1320 (10th Cir. 2011). Although Ms. Park claims that she was unable to attend because of her father's illness or her own illness, before the conference she indicated that she would not attend based on unsubstantiated allegations of

- 2 -

judicial misconduct.  R. 724.  As for her claims of judicial bias, they lack evidence; adverse rulings do not constitute bias.  See Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010).  Ms. Park has filed duplicative pleadings, wasting resources and forcing other parties to incur expense.  Though it is not clear whether she is appealing the filing restrictions placed on her by the district court, we conclude that the district court acted within its discretion.  See Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989).

AFFIRMED.  The motion to proceed in forma pauperis is DENIED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge