FILED
United States Court of Appeals
Tenth Circuit

May 22, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GLENN RODNEY WRIGHT,

Plaintiff - Appellant,

v.

JEREMY ALEXANDER, JAMES
MASON; Executive Service Division -
NSA Oklahoma City, OK and Memphis,
TN,

Defendants - Appellees.

No. 13-6299
(D.C. No. 5:13-CV-01213-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Glenn Rodney Wright, proceeding pro se[1] and *in forma pauperis*, appeals the district

court's *sua sponte* dismissal of his case for fatal deficiencies in his complaint. We see no

error. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal.

---

[*]After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case
is therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] We liberally construe pro se filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

While Wright's one-page complaint is difficult to comprehend, it appears to allege that he is being hit by lasers, that his daughter was sexually molested by teenage boys while at church, and that a noise is distracting him while at work as a semi-truck driver. The complaint vaguely lays the blame on "government officials." Also, it doesn't assert a basis for subject matter jurisdiction.

The district court reviewed Wright's case under 28 U.S.C. § 1915(e)(2) and *sua sponte* dismissed the complaint because it contained no basis for subject matter jurisdiction and it didn't comply with Federal Rule of Civil Procedure 8(a). The court gave no leave to amend and dismissed the case with prejudice.

Wright's notice of appeal is blank except for the caption and his contact information. In his brief, Wright continues to assert factual allegations of lasers and noise problems, and he raises two undeveloped issues: "unlawful surveillance" and "state to state, job to job, city to city, stalking." Appellant's Br. 3. He never addresses the district court's dismissal.

We review dismissals under § 1915(e)(2)(B)(ii) de novo for failure to state a claim, *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007), or for abuse of discretion when the case is dismissed as frivolous under § 1915(e)(2)(B)(i), *Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir. 2011). The district court didn't state which § 1915(e)(2) provision it relied upon, but we would affirm under either standard of review.

Rule 8(a) requires that a complaint contain a short and plain statement of jurisdiction, a short and plain statement of the claims for relief, and a demand for relief. Wright's

complaint fails in all three regards. And his brief asserts nothing to the contrary. *See, e.g.*, *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996) (upholding district court's Rule 8(a) dismissal of pro se appellant's case when his complaint and appellate brief were incomprehensible).

Wright has filed numerous similar cases in other jurisdictions. *Wright v. Dallas TX Nat'l Sec.*, No. 3:13-CV-4123-G (BN), 2013 WL 5967756, at \*2 (N.D. Tex. Nov. 8, 2013). The Northern District of Texas noted that he has "filed dozens of similar lawsuits . . . most of which allege various fanciful and delusional scenarios." *Id.* The district court noted that these previous cases suffered from the same fatal defects as the instant case. We agree, and we think that leave to amend would have been futile. *See, e.g.*, *Williams v. Madden*, 9 F. App'x 996, 997–98 (10th Cir. 2001) (affirming the dismissal of a complaint as frivolous when the appellant had "brought virtually identical claims unsuccessfully three times"). The district court correctly dismissed Wright's case with prejudice.

We affirm the district court's order.

Entered for the Court

Gregory A. Phillips
Circuit Judge