**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES W. MCNEESE,

    Plaintiff - Appellant,

v.

(FNU) ANDERSON; BARBIE (LNU);
JOSH STEWARD,

    Defendants - Appellees.

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

No. 25-3106
(D.C. No. 5:25-CV-03026-HLT-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

James W. McNeese, a federal prisoner proceeding pro se, brought a civil rights

appeal against staff members of the Sedgewick County Detention Facility under

42 U.S.C. § 1983.  He alleges that he was injected with a foreign object while in custody

at the Sedgwick County Jail, despite never providing consent.  As relief, he requests that

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See FED. R. APP. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
FED. R. APP. P. 32.1 and 10th Cir. R. 32.1.

the court remove the foreign object and that his state criminal case be dismissed.  The district court dismissed his case as duplicative.

Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.  McNeese's amended complaint is indeed duplicative of other cases McNeese has filed in this circuit, and thus the district court was well within its authority to dismiss McNeese's latest action.

## I.    Background

In the past year, McNeese has filed multiple cases with the same underlying operative facts against the same defendants;[1] the first case was dismissed, and the following cases were subsequently dismissed because they were duplicative of the first action:

1) *McNeese v. Anderson*, Case No. 24-3153-JWL;[2]

2) *McNeese v. Anderson*, Case No. 24-3227-JWL;

3) *McNeese v. Anderson*, Case No. 25-3060-JWL;

4) *McNeese v. Anderson*, Case No. 25-3073-JWL; and

5) *McNeese v. Anderson*, Case No. 25-3083-JWL.

When McNeese filed the instant amended complaint, the magistrate judge ordered him to show cause why the case should not be found duplicative to his

---

[1] Case No. 24-3227 included an unnamed Medical Passer at the Sedgwick County Jail as a defendant.

[2] The case was appealed, and we dismissed for lack of prosecution, Case No. 24-3194.

2

previous cases and therefore dismissed.  McNeese responded, but the magistrate judge determined that the case was duplicative because he sought the same, previously denied relief under parallel facts against the same defendants, without presenting any new facts or circumstances.  The magistrate judge issued a report and recommendation, finding that the case should be dismissed.

McNeese belatedly filed another response to the show-cause order and his objections to the magistrate judge's R&R.  He stated that he "understand[s] . . . [he] failed the first time [by] not stating a claim" but that "the second time was because [he] was intimitated [sic] by courts not saying what was relevant to the judge." R. 53.  He explained that he was unable to send an amended complaint at that time because his "writing paper envelopes" were confiscated when he "made a shank out of a toothbrush."  *Id.*  In response to the R&R, McNeese requested that he be allowed to object to the court's closing this case, at least in part, because he paid the filing fee.  He realleged that the foreign object that was allegedly "implanted in [his] body has affected [him] spiritually" and also requested that the case be reassigned to a different district court judge.  R. 64–65.

Despite McNeese's failure to meaningfully object to the R&R, the district court reviewed the docket and R&R de novo.  *See* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  In doing so, the district court agreed that McNeese's amended complaint is duplicative of his previous filings.  The court clarified that his first case was dismissed with prejudice because it: (1) improperly

3

sought dismissal of his state criminal charges; (2) failed to allege personal participation of each of the defendants; and (3) failed to state a claim because it had no factual support beyond conclusory allegations. R. 75. And because McNeese failed to prosecute, we dismissed that case on appeal. Finding McNeese's allegations in his amended complaint to be nearly identical to those of his other cases, the court adopted the R&R and dismissed the case.

## II.    Discussion

We construe a pro se litigant's complaint liberally, but that principle is not without limits. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

We review for abuse of discretion a district court's dismissal of a case as being duplicative of another case. *Park v. TD Ameritrade Tr. Co.*, 461 F. App'x 753, 755 (10th Cir. 2012) (citations omitted).[3] Indeed, "[d]istrict courts have discretion to control their dockets by dismissing duplicative cases." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Park*, 461 F. App'x at 755 (quoting *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000)) (same). "District courts are

---

[3] We cite this unpublished case for its persuasive value only. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); FED. R. APP. P. 32.1.

accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park*, 461 F. App'x at 755 (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)).

Here, McNeese has repetitively sued the same parties for the same allegations (*i.e.*, that he was injected with a foreign object) and has sought the same relief (*i.e.*, that the foreign object be removed, and his underlying state criminal case be dismissed). We agree that the case is duplicative of other actions McNeese has filed in federal court. *See Williams v. Madden*, 9 F. App'x 996, 998 (10th Cir. 2001) (affirming the court's dismissal of the case because plaintiff seeks to "bring a virtually identical claim against most of the [same] defendants" and "the facts here are very similar to those in [the previous case] in which the court deemed frivolous a lawsuit reasserting claims that had already been dismissed twice"). In fact, McNeese concedes that he is "rais[ing] this issue in the courts again to succeed on this incident"; he explains that even though he was able to succeed on the merits, he "for some odd reason [said] something that wasn't relivant [sic] to the courts." R. 42–43.[4]

---

[4] On similar grounds, McNeese moves for the court to grant him oral argument because he paid the filing fee which "meet[s] the court[']s needs" for a hearing. Mot. for Hr'g ("I know how to present my case now[;] last time I had erred in the courtroom."). His motion also seemingly elaborates on his allegations. While McNeese may *request* a hearing, the court is not *required* to grant his request, especially when oral argument would not be of material assistance in deciding this appeal. *See* FED. R. APP. P. 34(a)(2); 10th Cir. R. 34.1(G). As to his additional

But that is not a valid excuse to reassert the same claims, especially when McNeese

already had his day in court.

## III.  Conclusion

A litigant in the federal court system generally gets one bite at the apple—there

are no unlimited try-again cards.  For the reasons stated, we affirm the district court's

dismissal.[5]

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

allegations, those that were not properly raised before the district court will not be considered on appeal.  *See Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 814 n.22 (10th Cir. 1995).  To the extent McNeese adds new arguments, those were waived when McNeese failed to adequately brief them in his opening brief.  *United States v. De Vaughn*, 694 F.3d 1141, 1154 (10th Cir. 2012).  Accordingly, we deny McNeese's motion for oral argument.

[5] Although our dismissal of this case does not equate to a strike under the Prison Litigation Reform Act, we remind McNeese that he has already accumulated three PLRA strikes.