24CA0395 Cole v Days Inn 12-12-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0395
El Paso County District Court No. 24CV9
Honorable Gregory R. Werner, Judge

Jack Cole,

Plaintiff-Appellant,

v.

Days Inn,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE MOULTRIE
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

Jack Cole, Pro Se

No Appearance for Defendant-Appellee

¶ 1    Plaintiff, Jack Cole, also known as Jackie-DeVere Allen Cole and Jackie-Devere A. Cole, appeals the district court's judgment prohibiting him from proceeding pro se to seek affirmative relief in the Fourth Judicial District.  We affirm.

## I.    Background

¶ 2    Cole filed a complaint against defendant, Days Inn, alleging, among other things, that he was wrongfully ejected from defendant's property located in El Paso County.  Cole initially filed his complaint in Denver District Court.  But that court sua sponte transferred venue to the El Paso County District Court after determining — based on the allegations in Cole's pleadings — that the parties and the alleged incident forming the basis of Cole's complaint were based in Colorado Springs.

¶ 3    After venue transferred, the El Paso County District Court sua sponte reviewed the case file and issued an order that dismissed Cole's complaint without prejudice and prohibited him from "filing [pro se] any lawsuits, pleadings, motions, briefs, suggestions, advisement or other paper of any kind" in cases seeking affirmative relief in the Fourth Judicial District (the order).

¶ 4    In imposing the restriction, the court found that

> Cole has long engaged in a vexatious pattern of filing lawsuits for the purpose of either annoying defendants, causing them to incur fees[,] or perhaps hoping to obtain some sort of settlement from them. Acting pro se, Cole does not appear to have incurred any attorney fees for his filings. In fact, it appears that Cole has not even incurred the expense of filing[] fees due to his claimed indigency status. The [d]efendants, on the other hand, have presumably incurred attorney fees.
>
> . . . .
>
> In some cases, it appears that Cole is seeking to gain leverage or exact revenge over victims, law enforcement, records custodians[,] and prosecuting attorneys that were involved in cases involving criminal prosecution against him.

¶ 5    The district court observed that, since January 2020, Cole had filed twenty-seven civil cases, twenty-three of which had been dismissed. During that same period, Cole filed at least seven appeals with this court that resulted in dismissal and at least eight cases with the supreme court, five of which had been dismissed while the other three remained pending. The district court noted that Cole had not prevailed in any of the cases he has filed since January 2020.

¶ 6     Furthermore, the district court noted that a different judge in the Fourth Judicial District previously "attempted to rein in Cole's conduct" by requiring Cole to "follow procedural rules, follow [c]ourt [o]rders[,] and obtain an attorney."  After also finding that none of the orders entered by the El Paso County District Court or other courts "appear to have provided an effective deterrent," the court determined that enjoining Cole from seeking affirmative relief pro se was "necessary to protect the scant and finite resources of the [c]ourt as well as prevent lawsuits from being filed which have no merit yet tax the resources of defendants."  The court then dismissed Cole's complaint.

¶ 7     Cole doesn't appeal the dismissal of the underlying complaint; rather, he seeks review of the district court's order restricting his pro se filings.

## II.     Standard of Review

¶ 8     We review a district court's order enjoining a litigant from proceeding pro se in cases that seek affirmative relief for an abuse of discretion.  *Carbajal v. Wells Fargo Bank, N.A.*, 2020 COA 49, ¶ 41.  A district court abuses its discretion when its ruling is

manifestly arbitrary, unreasonable, or unfair or when it misapplies the law. *Rains v. Barber*, 2018 CO 61, ¶ 8.

## III. Legal Principles

¶ 9 While "[e]very person has an undisputed right of access to the Colorado courts[,] . . . this right may not be abused" and must "yield to the principle that 'right and justice should be administered without sale, denial or delay.'" *GHP Horwath, P.C. v. Kazazian*, 2024 CO 8, ¶ 66 (first quoting *People v. Dunlap*, 623 P.2d 408, 410 (Colo. 1981); and then quoting Colo. Const. art. II, § 6).

¶ 10 A district court may enjoin a litigant from filing suits pro se within any county in its district upon a finding of a serious abuse of judicial process. *Bd. of Cnty. Comm'rs v. Winslow*, 706 P.2d 792, 795 (Colo. 1985) (*Winslow I*). A court is justified in issuing an injunction to stop a litigant's abuse of the judicial process when the litigant "hampers the efficient administration of justice to an intolerable degree." *Kazazian*, ¶ 66. And such injunctions don't infringe upon a litigant's constitutional right of access to the courts so long as the litigant may still obtain access by retaining an attorney. *See id.* at ¶ 80.

¶ 11    The supreme court has considered the following actions as hampering the efficient administration of justice to an intolerable degree, such that enjoining litigants from affirmatively proceeding pro se was warranted:

(1)    filing a multitude of meritless claims;

(2)    bringing claims that appear to be aimed at harassing opposing parties; or

(3)    using procedures to expand litigation in ways that strain judicial resources.

*Kazazian,* ¶ 67 (citing first *Shotkin v. Kaplan,* 180 P.2d 1021, 1022 (Colo. 1947); then *Bd. of Cnty. Comm'rs v. Barday,* 594 P.2d 1057, 1058 (Colo. 1979); and then *Dunlap,* 623 P.2d at 410-11).

## IV.    Application

¶ 12    Cole asserts that (1) he has not filed frivolous and vexatious actions against opposing parties; (2) he didn't disrupt the lives of opposing parties; and (3) his filings "were not numerous under the guise of harassment, vexati[ous,] and repetitive," unlike those in *Board of County Comm'rs v. Winslow,* 862 P.2d 921, 924 (Colo. 1993) (*Winslow II*), where the litigants initiated 162 civil proceedings, most of which were dismissed as meritless.

5

¶ 13    We could reject Cole's assertions as they are wholesale conclusory and unsupported by the record.  *See People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007) (declining to review issues presented in a perfunctory or conclusory manner); *see also People v. Diefenderfer*, 784 P.2d 741, 752 (Colo. 1989) (reviewing court needs to be informed of specific errors and the grounds, supporting facts, and authorities therefor).  But given the importance of the subject matter here — Cole's ability to proceed pro se in seeking affirmative relief — and Cole's timely appeal, we review his contentions nonetheless.  *See Warner v. Barnard*, 304 P.2d 898, 900 (Colo. 1956) (noting that an appellate court may "take[] appropriate action to protect the right of a litigant to have his cause determined under well-established principles of law").

### A.    Meritless Claims

¶ 14    The order summarized approximately seventeen cases Cole initiated in the Fourth Judicial District since January 2020 and their subsequent appellate history.

¶ 15    The district court found that Cole has "long engaged in a vexatious pattern of filing lawsuits" and "[sought] to gain leverage or exact revenge over victims, law enforcement, [and] records

6

custodians" and concluded that enjoining Cole's ability to file claims for affirmative relief pro se was "necessary to protect the scant and finite resources of the Court as well as prevent lawsuits from being filed which have no merit." Cole, quoting *Karr v. Williams,* 50 P.3d 910, 912 (Colo. 2002), contests these findings and asserts that he hasn't engaged in "frivolous [and] vexatious lawsuits against his adversaries [or] egregious actions harassing 'every witness to have ever testified against [him].'"

¶ 16    Cole seems to argue that, because he hasn't filed lawsuits against every witness to have ever testified against him, unlike the litigant in *Karr*, he should be permitted to file affirmative claims pro se. Cole, however, entirely ignores the district court's findings that his claims have been without merit and that he has not succeeded in any one of the twenty-seven civil suits he initiated since January 2020.

¶ 17    We've also taken judicial notice of this court's register of actions related to Cole's appellate filing history concerning actions initiated in the Fourth Judicial District, which is illustrated in the table below. *See Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 64 (noting that appellate courts may take judicial notice of their own

7

records under CRE 201, may do so "whether requested or not" under CRE 201(c), and "can take judicial notice at [any] stage of the proceedings" under CRE 201(f)).

|   | Case No. | Case Name | Referring Judicial District | Disposition |
|---|---|---|---|---|
| 1 | 19CA1340 | *Cole v. Elder* | Fourth | Appeal Dismissed |
| 2 | 19CA1342 | *Estate of Clark* | Fourth | Appeal Dismissed |
| 3 | 20CA0288 | *People v. Cole* | Fourth | Order Affirmed and Petition for Writ of Certiorari Denied in 23SC841 |
| 4 | 20CA0386 | *Cole v. Elder* | Fourth | Judgment Affirmed and Mandate Issued |
| 5 | 20CA1025 | *Cole v. Thrive at Elevation* | Fourth | Appeal Dismissed |
| 6 | 20CA1026 | *Cole v. King* | Fourth | Appeal Dismissed |
| 7 | 20CA1324 | *Cole v. Holland* | Fourth | Appeal Dismissed |
| 8 | 20CA1392 | *Cole v. El Paso County Sheriff's Office* | Fourth | Order Affirmed and Petition for Writ of Certiorari Denied in 22SC147 |
| 9 | 20CA1580 | *Cole v. Corder* | Fourth | Appeal Dismissed |
| 10 | 20CA1986 | *Cole v. Clark* | Fourth | Appeal Dismissed |
| 11 | 21CA0179 | *Cole v. Mowery* | Fourth | Appeal Dismissed |

|    | Case No.  | Case Name         | Referring Judicial District     | Disposition                                                                                                          |
|----|-----------|-------------------|---------------------------------|---------------------------------------------------------------------------------------------------------------------|
| 12 | 22CA0537  | *People v. Cole*  | Fourth (El Paso County Court)   | Appeal Dismissed                                                                                                    |
| 13 | 22CA0747  | *Cole v. CDOC*    | Fourth                          | Habeas Corpus Petition Transferred to Supreme Court of Colorado and Dismissed in 22SA169                            |
| 14 | 22CA0752  | *Cole v. People*  | Fourth                          | Appeal Dismissed                                                                                                    |
| 15 | 22CA1215  | *Cole v. People*  | Fourth                          | Habeas Corpus Petition Transferred to Supreme Court of Colorado and Dismissed in 22SA247                            |
| 16 | 22CA1341  | *People v. Cole*  | Fourth                          | Appeal Dismissed                                                                                                    |
| 17 | 22CA1571  | *Cole v. People*  | Fourth                          | Appeal Dismissed                                                                                                    |
| 18 | 22CA1574  | *Cole v. Williams* | Fourth                         | Habeas Corpus Petition Transferred to Supreme Court of Colorado and Order Affirmed in 22SA316                       |

| | Case No. | Case Name | Referring Judicial District | Disposition |
|---|---|---|---|---|
| 19 | 22CA1639 | *Cole v. Elder* | Fourth | Habeas Corpus Petition Transferred to Supreme Court of Colorado and Order Affirmed and Consolidated in 22SA316 |
| 20 | 22CA1640 | *Cole v. People* | Fourth | Appeal Dismissed and Petition for Writ of Certiorari Dismissed in 22SC841 |
| 21 | 22CA1697 | *Cole v. Elder* | Fourth | Habeas Corpus Petition Transferred to Supreme Court of Colorado and Order Affirmed and Consolidated in 22SA316 |
| 22 | 22CA2172 | *Cole v. Elder* | Fourth | Habeas Corpus Petition Transferred to Supreme Court of Colorado and Dismissed in 23SA29 |

| | Case No. | Case Name | Referring Judicial District | Disposition |
|---|---|---|---|---|
| 23 | 23CA2235 | *Cole v. Well Path* | Fourth | Appeal Dismissed and Petition for Writ of Certiorari Dismissed in 24SC90 |
| 24 | 24CA0060 | *People v. Cole* | Fourth | Appeal Dismissed |
| 25 | 24CA0379 | *People v. Cole* | Fourth | Appeal Dismissed |
| 26 | 24CA0393 | *People v. Cole* | Fourth | Appeal Dismissed |
| 27 | 24CA0394 | *People v. Cole* | Fourth | Appeal Dismissed |

¶ 18    Since 2019, Cole has filed approximately twenty-seven appeals that he initiated in the Fourth Judicial District.  Eighteen of those appeals have been dismissed, three have affirmed the lower court, and six were transferred to the supreme court of Colorado and subsequently dismissed or the lower court's order affirmed.  *See Kazazian,* ¶¶ 68-71 (concluding that the litigant initiated a "multitude of meritless" claims after noting fourteen arguments, actions, or claims that were stricken or dismissed because they were substantially groundless or frivolous).

¶ 19    In *Cole v. Unknown El Paso County Sheriff's Office Records Clerk,* (Colo. App. No. 20CA1392, Feb. 10, 2022) (not published

11

pursuant to C.A.R. 35(e)), a division of this court affirmed an order[1] from a district court in the Fourth Judicial District that enjoined Cole from filing any future pro se lawsuits without first obtaining permission from the district court. And during that previous appeal, the division took judicial notice that a second court in the Fourth Judicial District had found that Cole was a vexatious litigant. The order before us now is the third order from a district court in the Fourth Judicial District in which the court has concluded Cole is a vexatious litigant and the second order attempting to "rein in Cole's conduct" of frivolous filings and vexatious litigation practices through an injunction.

¶ 20 While mere litigiousness alone cannot be the basis for an injunction like the one imposed here, *Karr*, 50 P.3d at 914, the district court's finding that Cole has abused the judicial process by filing a multitude of meritless claims is supported by the fact that Cole has yet to succeed in any of his lawsuits since at least 2020, including respective appeals, and the majority of his lawsuits have resulted in dismissal. *See Shotkin*, 180 P.2d at 1022.

---

[1] *See Cole v. Unknown El Paso County Sheriff's Office Records Clerk*, No. 20CV206 (El Paso Cnty. Dist. Ct. July 28, 2020).

## B. Harassing Opposing Parties

¶ 21    Looking at the parties Cole has initiated lawsuits against —

often government employees — his filing tactics appear to be aimed

at gaining leverage or exacting vengeance.

¶ 22    In summarizing Cole's civil actions, the district court found

that Cole brought actions against his probation officer, a records

custodian of the El Paso County Sheriff's Office, the Colorado

Department of Corrections, an unknown evidence custodian

employed by Colorado Springs, and an unnamed detective, and

multiple actions against the El Paso County District Attorney's

office, to name a few.  Many of the actions Cole initiated were

related to his criminal cases or his incarceration.  Cole's actions

clearly demonstrate that he seeks to use the judicial process to

disrupt the lives of and harass opposing parties.  *See Karr*, 50 P.3d

at 914.

## C. Strain on Judicial Resources

¶ 23    The district court found that the previous injunction that

required Cole to receive permission from the court before

affirmatively proceeding pro se in the Fourth Judicial District didn't

provide an "effective deterrent" and concluded it must take

additional measures "to protect the scant and finite resources of the Court." The district court noted that, by initially filing the underlying complaint in Denver District Court despite the "conduct which serve[d] as the basis for Cole's claim [having] occurred in . . . El Paso County," it appeared that Cole tried to "avoid the consequences" of the injunction issued in El Paso County. The record — including the fact that at least three separate district judges in the Fourth Judicial District have issued orders finding Cole a vexatious litigant — supports the district court's finding that Cole's pattern of filing meritless actions has strained the judicial resources in that judicial district. *See Dunlap*, 623 P.2d at 410.

### D.     Incarceration and Indigency

¶ 24     Lastly, Cole contends that his "chances of obtaining free representation [are] hindered" because he is incarcerated and indigent. *See Karr*, 50 P.3d at 915. While it appears that Cole is currently incarcerated and has frequently sought waiver of filing fees due to indigency, he again provides us with nothing more than conclusory assertions. While Cole relies heavily on *Karr* for his request to proceed pro se with permission from the court, he ignores that a different court in the Fourth Judicial District already

14

afforded him such opportunity and he failed to abide by that order. *Id.*

¶ 25 Furthermore, based on Cole's history of filing meritless claims, it is clear that he is "in desperate need of the assistance of an attorney to help [him] formulate and present [his] grievances." *Winslow II*, 862 P.2d at 924. And since the district court's order allows Cole to proceed with the assistance of an attorney, we conclude that he still has access to the Colorado justice system. *See Winslow I*, 706 P.2d at 794-95.

¶ 26 Ultimately, given Cole's abuse of the judicial processes in the Fourth Judicial District as outlined above, we conclude that the district court did not abuse its discretion when it enjoined Cole from seeking affirmative relief pro se.

## V. Disposition

¶ 27 The district court's judgment is affirmed. The chief judge of the Fourth Judicial District shall notify the clerk's office about this opinion and instruct the staff to reject any pro se filing from Cole that violates the injunction imposed by the district court.

JUDGE WELLING and JUDGE BROWN concur.

15